David W. Trench, Esq. (FBN 202975)
James C. Moon, Esq. (FBN 938211)
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

Debra Grassgreen, Esq. (CA Bar No. 169978)
Pamela E. Singer, Esq. (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: (415) 263-7000
Facsimile: (415) 263-7010

Co-Counsel for Jeffrey H. Beck, LIQUIDATING TRUSTEE
OF THE CROWN PAPER LIQUIDATING TRUST

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>CROWN VANTAGE, INC.,<br>CROWN PAPER CO.,<br><br>               Debtors. | Case No. 00-41584 (RN)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**REQUEST FOR ORDER BY DEFAULT PARTIALLY SUSTAINING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION NO. 7 TO CERTAIN CLAIMS**<br><br>[*No hearing required.*] |

**TO: THE HONORABLE RANDALL J. NEWSOME, UNITED STATES BANKRUPTCY JUDGE, THE U.S. TRUSTEE, AND PARTIES IN INTEREST**

Jeffrey H. Beck, as Liquidating Trustee of the Crown Paper Liquidating Trust (the "Liquidating Trustee"), hereby requests that the Court enter an order by default (the "Partial Default Request") partially sustaining the *Liquidating Trustee's Omnibus Objection No. 7 to Certain Claims*

DOCS_SF:56538.2      1      REQUEST FOR ORDER BY DEFAULT PARTIALLY SUSTAINING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION NO. 7 TO CERTAIN CLAIMS

Case: 00-41584    Doc# 1911    Filed: 10/31/07    Entered: 10/31/07 13:56:07    Page 1 of 7

(the "Omnibus Objection") [Docket No. 1847] that the Liquidating Trustee caused to be filed on August 30, 2007. A copy of the Omnibus Objection is attached hereto as **Exhibit A**. Relatedly, on August 30, 2007, the Liquidating Trustee caused to be filed a notice of the Omnibus Objection (the "Notice") [Docket No. 1848], and on September 10, 2007, the Liquidating Trustee caused to be filed an amended notice of the Omnibus Objection (the "Amended Notice") [Docket No. 1857]. A copy of the Amended Notice is attached hereto as **Exhibit B**. On September 10, 2007, the Liquidating Trustee caused to be served the Omnibus Objection and the Amended Notice on the parties set forth in the Certificate of Service that is attached hereto as **Exhibit C**. The parties listed in the Certificate of Service include each party required to be served by the *Order Establishing Case Management Procedures and Hearing Schedule*, entered on the Court's docket on April 27, 2000 [Docket No. 133], as amended by the *Amendment to Order Establishing Case Management Procedures*, entered on May 22, 2002 [Docket No. 1538].

As set forth in the Declarations of Pamela E. Singer and James C. Moon filed herewith, except as described below, the Liquidating Trustee has not received any opposition to, request for hearing on, or other response to the Omnibus Objection from any party, despite proper service thereof. The deadline to respond to the Omnibus Objection was October 10, 2007.

Pursuant to B.L.R. 9014-1(b)(4), a copy of each claim affected by this Partial Default Request, absent any attachments or exhibits, is attached hereto as **Exhibit D**.

The claims objected to in the Omnibus Objection for being amended and superseded, and for which no opposition to, request for hearing on, or other response has been received by the Liquidating Trustee or filed with the Court are listed on **Exhibit E** attached hereto.

The claims objected to in the Omnibus Objection on the basis that such claims asserted an amount in excess of the amount reflected in the Debtors' books and records, and for which no opposition to, request for hearing on, or other response has been received by the Liquidating Trustee or filed with the Court are listed on **Exhibit F** attached hereto.

As set forth in the Declaration of James C. Moon, filed herewith, the Liquidating Trustee received two formal and four informal responses to the Omnibus Objection which either have required or will require further efforts on the parties to resolve. A description of the formal and

DOCS_SF:56538.2 2 REQUEST FOR ORDER BY DEFAULT PARTIALLY SUSTAINING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION NO. 2 TO CERTAIN CLAIMS

Case: 00-41584    Doc# 1911    Filed: 10/31/07    Entered: 10/31/07 13:56:07    Page 2 of 7

informal responses received by the Liquidating Trustee, and the current status of such claims, follows:

## UNRESOLVED FORMAL RESPONSES

### Claim No. 247 – U.S. Xpress Enterprises

The first formal response was filed on October 1, 2007 by U.S. Xpress Enterprises ("U.S. Xpress") as docket entry 1882 (the "U.S. Xpress Response") regarding claim no. 247, originally filed by U.S. Xpress in the amount of $210,277.52. The Liquidating Trustee objected to Claim No. 247 in the Omnibus Objection on the basis that the amount asserted in Claim No. 247 was in excess of the amount reflected in the Debtors' books and records, and should therefore be reduced.

Pursuant to the U.S. Xpress Response, U.S. Xpress argues that U.S. Xpress' unpaid invoices total $214,784.55, and that Claim No. 247 should be allowed at least in the amount of $210,277.52 as set forth in Claim No. 247.

At the time of filing this Partial Default Request, the Liquidating Trustee and U.S. Xpress are attempting to resolve the Objection consensually. As such, the Liquidating Trustee does not seek resolution of Claim No. 247 pursuant to this Partial Default Request. To the extent consensual resolution of the Liquidating Trustee's Objection to Claim No. 247 proves elusive; the Objection to Claim No. 247 will be set for hearing.

### Claim No. 20090102 – David Nelson[1]

The second formal response was filed on October 9, 2007 by David Nelson ("Nelson") as docket entry 1892 (the "Nelson Response") regarding claim no. 20090102, whose claim now totals $679,882.00.[2] The Liquidating Trustee objected to Claim No. 20090102 in the Omnibus Objection on the basis that the amount asserted in Claim No. 20090102 was in excess of the amount reflected in the Debtors' books and records, and should therefore be reduced.

---

[1] Certain claims are identified with a "200" to designate that the claim asserts the right to payment on more than one basis. In Mr. Nelson's case, the claim asserts the right to payment on both a priority and a general unsecured basis. On the proof of claim, only the middle numbers appear. In Mr. Nelson's case, the numbers are 901. The latter two digits refer to the basis on which the right to payment is asserted.

[2] The proof of claim asserted the right to payment of $684,182.00. The Debtors paid $4,300 of such claim, leaving a balance of $679,882.00.

DOCS_SF:56538.2    3    REQUEST FOR ORDER BY DEFAULT PARTIALLY SUSTAINING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION NO. 2 TO CERTAIN CLAIMS

Case: 00-41584    Doc# 1911    Filed: 10/31/07    Entered: 10/31/07 13:56:07    Page 3 of 7

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Pursuant to the Nelson Response, Nelson argues, *inter alia*, that Claim No. 20090102 should be allowed at the full face amount of $679,882.00. In addition, Nelson argues that the Liquidating Trustee did not identify which elements of Claim No. 20090102 to which the Liquidating Trustee objected.

The Liquidating Trustee and Nelson have attempted to resolve the matter consensually, but have so far been unsuccessful. During the course of the negotiations with Nelson, the Liquidating Trustee has provided a detailed reconciliation explaining exactly which elements of Claim No. 20090102 the Liquidating Trustee objects to; namely, (1) $16,210.00 based on a restricted stock grant, on the basis that such a claim is properly classified as an equity claim; and (2) $437,750.00 and $30,000.00, respectively, based on a purported change of control that occurred when, according to Nelson, the Debtors entered bankruptcy. The Liquidating Trustee takes the position that events constituting a "change of control" pursuant to Nelson's Separation and General Release Agreement are defined, and the Debtors' entering bankruptcy does not constitute a change of control event as defined. Moreover, the Liquidating Trustee takes the position that the mere fact that the Debtors entered bankruptcy does not constitute a "change of control" of the Debtors as a matter of law. The legal and factual bases for sustaining the Omnibus Objection as it relates to Claim No. 20090102 will be more fully set forth in a reply to the Nelson Response prior to a hearing on such Objection.

At the time of filing this Partial Default Request, the Liquidating Trustee anticipates that resolution of the Omnibus Objection as it relates to Claim No. 20090102 will require a hearing before the Court. Nonetheless, the Liquidating Trustee will continue to seek consensual resolution of the Objection. To the extent consensual resolution of the Liquidating Trustee's Objection to Claim No. 20090102 proves elusive; the Objection to Claim No. 20090102 will be set for hearing

## RESOLVED INFORMAL RESPONSES

### Claim No. 24 – Burns International Security Services

The first informal response was from Jennifer Matthew, Esq., counsel to Securitas Security Services USA ("Securitas"), successor in interest to Burns International Security Services ("Burns"), regarding Claim No. 24, originally filed by Burns in the amount of $21,191.41. The Liquidating Trustee objected to Claim No. 24 in the Omnibus Objection on the basis that the amount asserted in

Claim No. 24 was in excess of the amount reflected in the Debtors' books and records, and should therefore be reduced. Upon further investigation of the bona fides of Claim No. 24, and after consultations and negotiations between counsel for the Liquidating Trustee and counsel to Securitas, the Liquidating Trustee has agreed to withdraw its Objection and allow Claim No. 24 on a general unsecured basis in the original face amount of **$21,191.41**.

Counsel for Securitas has reviewed this Partial Default Request and the proposed Order, and has no objection to the relief requested in this Partial Default Request.

Claim Nos. 1690 and 1691 – Canon Financial Services, Inc.

The second informal response was from Andrew Sklar, Esq. counsel to Canon Financial Services, Inc. ("Canon Financial") regarding Claim Nos. 1690 and 1691, originally filed by Canon Financial in the amounts of $60,322.68 and $7,943.63 respectively.[3] The Liquidating Trustee objected to Claim No. 1690 on the basis of there being no liability on the Debtors' books and records, and Claim No. 1691 on the basis that the amount asserted in Claim No. 1691 was in excess of the amount reflected in the Debtors' books and records, and should therefore be reduced. Upon further investigation of the bona fides of Claim Nos. 1690 and 1691, and after consultations and negotiations between counsel for the Liquidating Trustee and counsel to Canon Financial, the Liquidating Trustee and Canon Financial have agreed to disallow and expunge in their entirety Claim Nos. 1690 and 1691 as having been amended and superseded by Claim No. 2909.

Counsel for Canon Financial has reviewed this Partial Default Request and the proposed Order, and has no objection to the relief requested in this Partial Default Request.

Claim No. 819 – Printpack, Inc.

The third informal response was from David Wender, Esq. counsel to Printpack, Inc. ("Printpack") regarding Claim No. 819, originally filed by Printpack in the amount of $117,491.79. The Liquidating Trustee objected to Claim No. 819 on the basis that the amount asserted in Claim No. 819 was in excess of the amount reflected in the Debtors' books and records, and should

---

[3] Canon Financial also asserted Claim No. 2909, to which the Liquidating Trustee interposed an objection pursuant to Omnibus Objection No. 8 to Certain Claims [Docket No. 1849]. Although the Liquidating Trustee and Canon Financial have resolved the Liquidating Trustee's objection to Claim No. 2909 as well as Claims 1690 and 1691, this Default Request only concerns Claim Nos. 1690 and 1691, and the resolution of Claim 2909 is described in the Default Request on Omnibus Objection No. 8. All of the foregoing claims are included with **Exhibit D**, attached hereto.

DOCS_SF:56538.2  5  REQUEST FOR ORDER BY DEFAULT PARTIALLY SUSTAINING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION NO. 7 TO CERTAIN CLAIMS

therefore be reduced.  Upon further investigation of the bona fides of Claim No. 819, and after consultations and negotiations between counsel for the Liquidating Trustee and counsel to Printpack, the Liquidating Trustee and Printpack have agreed to reduce and allow Claim No. 819 in the amount of **$80,898.45**.

Counsel for Printpack has reviewed this Partial Default Request and the proposed Order, and has no objection to the relief requested in this Partial Default Request.

<u>Claim No. 2993 – Rayonier, Inc.</u>

The fourth informal response was from Michael Ellis, Esq., counsel to Rayonier, Inc. ("<u>Rayonier</u>"), regarding Claim No. 2993, originally filed by Rayonier in the amount of $43,000.00. The Liquidating Trustee objected to Claim No. 2993 in the Omnibus Objection on the basis that the amount asserted in Claim No. 2993 was in excess of the amount reflected in the Debtors' books and records, and should therefore be reduced.  Upon further investigation of the bona fides of Claim No. 2993, and after consultations and negotiations between counsel for the Liquidating Trustee and counsel to Rayonier, the Liquidating Trustee has agreed to withdraw its Objection and allow Claim No. 2993 on a general unsecured basis in the original face amount of **$43,000.00**.

Counsel for Rayonier has reviewed this Partial Default Request and the proposed Order, and has no objection to the relief requested in this Partial Default Request

WHEREFORE, the Liquidating Trustee requests that the Court enter an Order partially sustaining the Omnibus Objection as follows:

1. Disallowing and expunging in their entirety the Claims listed on **Exhibit E** attached hereto;

2. Reducing and Allowing the Claims listed on **Exhibit F** attached hereto as set forth therein;

3. Allowing Claim No. 24, originally filed in the amount of $21,191.41, in the amount of **$21,191.41;**

4. Disallowing and expunging Claim Nos. 1690 and 1691 in their entirety as amended and superseded by Claim No. 2909;

DOCS_SF:56538.2   6   REQUEST FOR ORDER BY DEFAULT PARTIALLY SUSTAINING LIQUIDATING TRUSTEE'S OMNIBUS OBJECTION NO. 2 TO CERTAIN CLAIMS

Case: 00-41584    Doc# 1911    Filed: 10/31/07    Entered: 10/31/07 13:56:07    Page 6 of 7

5.     Reducing Claim No. 819, originally filed in the amount of $117,491.79, to $80,898.45, allowing Claim No.819 on a general unsecured basis in the amount of **$80,898.45**, and disallowing Claim No. 819 to the extent it exceeds $80,898.45; and

7.     Allowing Claim No. 2993 on a general unsecured basis in the amount of **$43,000.00**.

Dated: October 29, 2007     BILZIN SUMBERG BAENA PRICE
                                               & AXELROD LLP

By     */s/ David W. Trench*
      David W. Trench (FBN 202975)
      James C. Moon (FBN 938211)
      2500 Wachovia Financial Center
      200 South Biscayne Boulevard
      Miami, Florida 33131-2336
      Telephone: (305) 374-7580

-- and --

Dated: October 29, 2007     PACHULSKI STANG ZIEHL & JONES LLP

By     */s/ Pamela E. Singer*
      Pamela E. Singer (SBN 224758)
      150 California Street
      15th Floor
      San Francisco, California 94111
      Telephone: (415) 263-7000

*Co-Counsel for Jeffrey H. Beck, Liquidating Trustee of the Crown Paper Liquidating Trust*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Case: 00-41584     Doc# 1911     Filed: 10/31/07     Entered: 10/31/07 13:56:07     Page 7 of 7