David W. Trench, Esq. (FBN 202975, admitted *pro hac vice*)
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

Debra I. Grassgreen (CA Bar No. 169978)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

Co-Counsel for Jeffrey H. Beck, LIQUIDATING TRUSTEE OF
THE CROWN PAPER LIQUIDATING TRUST

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re:<br><br>CROWN VANTAGE, INC.,<br>CROWN PAPER CO.,<br><br>　　　　　Debtors. | Case No.: 00-41584 (RN)<br><br>Chapter 11<br><br>**NOTICE OF MOTION BY LIQUIDATING TRUSTEE FOR ORDER DEEMING CLAIMS 9 AND 2347 AS HAVING BEEN SATISFIED**<br><br>[*No hearing requested.*] |

**TO: THE HONORABLE RANDALL J. NEWSOME, UNITED STATES BANKRUPTCY JUDGE, THE U.S. TRUSTEE, PARTIES IN INTEREST AND AFFECTED CREDITOR**

**PLEASE TAKE NOTICE** that Jeffrey H. Beck, as Liquidating Trustee of the Crown Paper Liquidating Trust (the "Liquidating Trustee") has filed the *Motion by Liquidating Trustee for Order Deeming Claims 9 and 2347 as Having Been Satisfied* (the "Motion") in these bankruptcy cases. The Motion requests entry of an order (i) deeming proofs of claim No. 9 and No. 2347, previously allowed in the amounts of $1,012,225.75, and $607,335.75, respectively, as having been satisfied, and (ii) authorizing the Liquidating Trustee to reallocate any distributions on account of the Unsecured IRB Claims to other beneficiaries of the Liquidating Trust.

NOTICE OF MOTION BY LIQUIDATING TRUSTEE SEEKING ORDER (I) CLARIFYING UNCLAIMED AND UNDELIVERABLE FUNDS SURRENDER PROCEDURES, ETC.

Case: 00-41584    Doc# 2220    Filed: 08/27/09    Entered: 08/27/09 12:18:51    Page 1 of 3

If you object to the relief requested in the Motion, then on or before **September 28, 2009**, you or your lawyer must follow the following instructions:

Federal Rule of Bankruptcy Procedure 3007 and Northern District of California Bankruptcy Rule 9014-1 prescribe that any response or objection to the requested relief by or a request for hearing on the Motion must be filed with the Bankruptcy Clerk for the United States Bankruptcy Court for the Northern District of California, Oakland Division, 1300 Clay Street, Oakland, California 94612, and served upon the parties whose addresses are listed below within thirty days of the mailing of this Motion. In any circumstance, any objections, responses or requests for hearing must be received no later than **5:00 Pacific Standard Time on September 28, 2009.**

Any response, objection, or request for a hearing must state the objector's name, address, telephone number, fax number (if any); and the nature and basis of the response, objection, or request. A request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting a hearing wishes to present in support of its position. Copies of any response, objection, or request for hearing shall be served upon the following parties at the addresses below:

| | |
|---|---|
| **Jason Jones, Esq.** | **Pamela Singer, Esq.** |
| **Bilzin Sumberg Baena Price & Axelrod LLP** | **Pachulski Stang Ziehl & Jones LLP** |
| **2500 Wachovia Financial Center** | **150 California Street, 15th Floor** |
| **200 South Biscayne Boulevard** | **San Francisco, California 94111-4500** |
| **Miami, Florida 33131-5340** | |

If there is not a timely response or objection to the requested relief or a request for hearing, the Court may enter an order granting the relief requested by default. If you do not file a response or request in writing, the Liquidating Trustee will request relief by default pursuant to Northern District of California Bankruptcy Rule 9014-1. If you do not wish to contest the relief requested in this Motion, you are not required to file a response or appear at any future hearing.

If a timely response, objection, or a request for hearing is filed, the Liquidating Trustee will request and send at least ten days' written notice of a future hearing date regarding the Motion. Where a factual dispute is involved, the initial hearing on the Motion shall be deemed a status conference at which the Court will not receive evidence. Where the matter involves only a matter of

law, the matter may be argued at the initial hearing.  Any hearing or status conference will be held in the usual courtroom of the Honorable Randall Newsome, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Northern District of California, Oakland Division, located at 1300 Clay Street, Oakland, California 94612.

The Motion is based on the arguments and facts set forth in the Motion and on the *Declaration of Jeffrey H. Beck in Support of Motion by Liquidating Trustee for Order Deeming Claims 9 and 2347 as Having Been Satisfied* and the *Declaration of Jason Z. Jones in Support of Motion by Liquidating Trustee for Order Deeming Claims 9 and 2347 as Having Been Satisfied,* filed herewith.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

<u>Last Date of Mailing</u>:  August 28, 2009

Dated:    August 27, 2009                    PACHULSKI STANG ZIEHL & JONES LLP

                                             By   */s/ Pamela E. Singer*
                                                  Pamela E. Singer (CA Bar No. 224758)
                                                  Attorneys for Debtors and Debtors in
                                                  Possession