# EXHIBIT B

David W. Trench, Esq. (FBN 202975, admitted *pro hac vice*)
BILZIN SUMBERG BAENA PRICE & AXELROD LLP
2500 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 374-7580
Facsimile: (305) 374-7593

Debra I. Grassgreen (CA Bar No. 169978)
Pamela E. Singer (CA Bar No. 224758)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

Co-Counsel for Jeffrey H. Beck, LIQUIDATING TRUSTEE OF
THE CROWN PAPER LIQUIDATING TRUST

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No.: 00-41584 (RN) |
| CROWN VANTAGE, INC., CROWN PAPER CO., | Chapter 11 |
| Debtors. | **LIQUIDATING TRUST TERMINATION CERTIFICATE** |

Jeffrey H. Beck, in his capacity as the Liquidating Trustee (the "Liquidating Trustee") of the Crown Paper Liquidating Trust (the "Liquidating Trust") created pursuant to the *Debtors' Second Amended Disclosure Statement and Joint Liquidating Plan of Reorganization*, as amended (the "Plan"),[1] confirmed by Order of this Court dated November 19, 2001, hereby provides notice that (i) there are no Claims in respect of the administration of the Liquidating Trust filed against the Liquidating Trust or any such Claim has been resolved; (ii) no Liquidating Trust Assets remain for

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in the Plan and in the *Motion by Liquidating Trustee Seeking Order (I) Clarifying Unclaimed and Undeliverable Funds Surrender Procedures, (II) Approving Wind-Down Procedures, and (III) Authorizing Abandonment of Liquidating Trust Assets and Destruction of Liquidating Trust Documents*, filed on September 9, 2009 [Docket No. 2222].

Distribution to Liquidating Trust beneficiaries; (iii) all Distributions required under the Plan to be made from the Liquidating Trust have been made; and (iv) the Liquidating Trustee has stopped payment on and surrendered to the Clerk of the Court all checks, representing Final Distributions or other Distributions that remained uncashed or undeliverable thirty (30) days after Final Distributions were made. A list of the foregoing uncashed or undeliverable checks is attached hereto as **Exhibit A**. Accordingly, the Liquidating Trust can be terminated.

WHEREFORE, Jeffrey H. Beck requests that the Court enter the *ex parte* Order attached hereto as **Exhibit B** as approved by the *Order Granting Motion By Liquidating Trustee Seeking Order (I) Clarifying Unclaimed and Undeliverable Funds Surrender Procedures, (II) Approving Wind-Down Procedures, and (III) Authorizing Abandonment of Liquidating Trust Assets and Destruction of Liquidating Trust Documents,* entered on October 7, 2009 [Docket No. 2229].

Dated: December __, 2009    Respectfully Submitted,

_____
JEFFREY H. BECK,
Liquidating Trustee of the Crown
Paper Liquidating Trust

# Exhibit A

1  David W. Trench, Esq. (FBN 202975, admitted *pro hac vice*)
   BILZIN SUMBERG BAENA PRICE & AXELROD LLP
2  2500 Wachovia Financial Center
   200 South Biscayne Boulevard
3  Miami, Florida  33131
4  Telephone: (305) 374-7580
   Facsimile: (305) 374-7593
5
6  Debra I. Grassgreen (CA Bar No. 169978)
   Pamela E. Singer (CA Bar No. 224758)
7  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
8  San Francisco, California  94111-4500
   Telephone: 415/263-7000
9  Facsimile:  415/263-7010

10 Co-Counsel for Jeffrey H. Beck, LIQUIDATING TRUSTEE OF
   THE CROWN PAPER LIQUIDATING TRUST

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re: | Case No.: 00-41584 (RN) |
| CROWN VANTAGE, INC., CROWN PAPER CO., | Chapter 11 |
| Debtors. | ***EX PARTE* ORDER TERMINATING THE LIQUIDATING TRUST** |

UPON consideration of the Liquidating Trust Termination Certificate, filed by Jeffrey H. Beck, in his capacity as the Liquidating Trustee (the "Liquidating Trustee"), of the Crown Paper Liquidating Trust (the "Liquidating Trust") created pursuant to the *Debtors' Second Amended Disclosure Statement and Joint Liquidating Plan of Reorganization*, as amended (the "Plan"),[1] confirmed by Order of this Court dated November 19, 2001, and the *Order Granting Motion By Liquidating Trustee Seeking Order (I) Clarifying Unclaimed and Undeliverable Funds Surrender*

---

[1] Capitalized terms used herein shall have the meaning ascribed to them in the Plan and in the *Motion by Liquidating Trustee Seeking Order (I) Clarifying Unclaimed and Undeliverable Funds Surrender Procedures, (II) Approving Wind-Down Procedures, and (III) Authorizing Abandonment of Liquidating Trust Assets and Destruction of Liquidating Trust Documents*, filed on September 9, 2009 [Docket No. 2222].

*Procedures, (II) Approving Wind-Down Procedures; and (III) Authorizing Abandonment of Liquidating Trust Assets and Destruction of Liquidating Trust Documents,* entered on October 7, 2009 [Docket No. 2229]; and it appearing that the Trustee has satisfied all conditions necessary to terminate the Trust as set forth in the Liquidating Trust Termination Certificate; and it appearing that due and sufficient notice that the Liquidating Trust Termination Certificate has been given and no further notice need be given; and good and sufficient cause appearing;

IT IS HEREBY ORDERED THAT:

1. The Liquidating Trust is terminated.

2. The Liquidating Trustee may abandon and destroy any and all Liquidating Trust documents at a time and in a sequence he determines in his sole discretion.

3. The Liquidating Trustee and his professionals and the Liquidating Trust Committee are discharged, pursuant to the terms of the Plan.

4. The Clerk shall close the captioned bankruptcy case.

** END OF ORDER **

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**Court Service List**

Service shall be effected pursuant to that *Order Authorizing the Retention and Employment of Logan & Company, Inc. as Claims Agent for Debtors and as Noticing Agent for Clerk of the Bankruptcy Court Pursuant to 28 U.S.C. § 156(c) Nunc Pro Tunc*, entered on April 5, 2000 [Docket No. 62].